# Bessemer Savings Bank *v.* Rosenbaum Grocery Co.

## *Action of Assumpsit.*

1. *Promise to pay the debt of another; when without influence of the statute of frauds and binding.*—Where the purchaser of goods agrees at the time of the sale, to pay the purchase money by satisfying debts due from the vendor to a third person, the promise enures to the benefit of such third person, is supported by a valuable consideration, which takes the promise without the influence of the statute of frauds, and may be enforced by said third person in his own name.

2. *Pleading and practice; when demurrer to claim for attorney's fee properly overruled.*—In an action of assumpsit, where the plaintiff seeks to recover in his complaint, in addition to the amount alleged to be due on the note, the costs of suit and attorney's fees, which it is alleged the defendant promised to pay, a demurrer to the part of the complaint seeking to recover the costs and attorney's fees should be overruled; demurrer challenging sufficiency of the complaint upon such ground not being the proper way to raise the objection, but it should be raised by a motion to strike, or by objection to the introduction of the evidence, or by request for proper instruction to the jury.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action of assumpsit, brought by the Bessemer Savings Bank against the Rosenbaum Grocery Company, a partnership composed of Samuel I. Rosenbaum and Jacob Rosenbaum.

The complaint as amended was in words and figures as follows: "The plaintiff claims of the defendant the sum of one hundred and twenty-nine dollars and four cents ($129.04), with the interest thereon from the 20th day of November, 1901, for this: that Sapp and Hagler, a recent partnership were indebted to the plaintiffs in the sum of one hundred dollars, evidenced by a promissory waive note, dated the 24th day of April, 1901, and due on the 20th day of August, 1901, which said note fell due and was unpaid, and plaintiff obtained a judgment thereon, on the said 20th day of November, 1901. And plaintiff avers that in said note said Sapp and Hagler agreed to pay all costs of collection and attorney's fees, and that the principal and interest up to the said 20th day of November, 1901, with the court costs and attorney's fees, amounting to said sum of one hundred and twenty-nine dollars and four cents. And plaintiff avers that said Sapp and Hagler sold out their said business to the defendants, and one of the considerations of said sale and purchase by and between said Sapp & Hagler and the defendants was, that said defendants should assume and pay all of the liabilities of said Sapp & Hagler, and at the time of said purchase by the defendants said sum herein sued for was one of the liabilities of said Sapp & Hagler. And plaintiff avers that said defendants entered into a written contract and agreement and promise to pay all of the liabilities of the said Sapp & Hagler, in words and figures as follows, to-wit:

"The State of Alabama. ⎱
  Jefferson County.      ⎰

"This is to certify that for and in consideration of (37) notes of Willis and Edwards, said notes aggregating the amount of $3,690.78, paid in hand this 8th day

of October, 1901, we hereby sell and transfer unto Willis and Edwards, the entire stock of merchandise, furniture, fixtures, horses, wagons, harness, accounts on books, notes and all assets formerly in the name of Sapp & Hagler. It is further understood and agreed that the firm of Rosenbaum Grocery Company assumes all liabilities of Sapp & Hagler, and transfers said stock of merchandise, furniture, fixtures, horses, wagons, harness, accounts on books and notes from any and all indebtedness.

[Signed]                    "Rosenbaum Grocery Company,
                                        "Per S. I. Rosenbaum.

"Sworn to and subscribed before me this 21st day of October, 1901.

[Signed]                    W. P. Golson, Notary Public.
[Notarial seal.]

And plaintiff avers that at the time it brought suit upon said note, "and at the time said judgment was rendered on said original note, vs. Sapp & Hagler," it was not aware that said defendants had assumed and agreed and promised to pay all of the liabilities of said Sapp & Hagler as aforesaid; "but that the moment it found out or became aware of the fact that the defendant, Rosenbaum Grocery Company had so assumed the debts of said Sapp & Hagler, it then and there ceased to look to said Sapp & Hagler for the payment of said debt, thereby discharging them, and looked solely from thence to said Rosenbaum Grocery Company, the defendant, for the payment of said debt."

And plaintiff avers that said defendants knew at the time they assumed and agreed to pay all of the liabilities of the said Sapp & Hagler, that said note was owing by said firm. And plaintiff avers that said sum of one hundred and twenty-nine dollars and four cents was due and payable on the said 20th day of November, 1901, and is still due with the interest thereon, and defendants have often been requested to pay said sum, but have failed and refused to do so, wherefore this suit."

To this complaint the defendant demurred upon the following grounds: 1. For that, the suit is upon an

agreement to pay the existing debt of a third person. and the consideration for making said agreement is not aver-red to have been expressed. 2. For that the copy of the agreement sued on shows that the consideration for making the same was not expressed. 3. For that, the complaint shows that the agreement sued on is to pay the existing debt of a third person and fails to show that the consideration upon which it was made is set out in said agreement. 4. For that the agreement set out in said complaint and sued on does not show that this defendant agreed to pay the note sued on. 5. For that, the agreement sued on shows that this defendant did not agree to pay the debt sued on. 6. For that, it is not shown how or in what way plaintiff is damaged. 7. Defendant demurs to that part of said complaint which claims court costs and attorney's fees expended and incurred in the prior suit on the note sued on; which are averred to have been included in the judgment rendered thereon on the 20th day of November, 1901, because the same are not recoverable in this suit."

The court sustained these demurrers, and the plaintiff declining to plead further, judgment was rendered for the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrer to the complaint.

JAMES ESTES and W. K. SMITH, for appellant, cited *Underwood v. Lovelace*, 61 Ala. 165; *Lehman v. Levy*, 69 Ala. 48; *Carlisle v. Campbell*, 76 Ala. 247; *Aultman v. Fletcher*, 110 Ala. 452; *Duncan v. Smith*, 66 Ala. 490.

No counsel marked as appearing for appellee.

TYSON, J.—The complaint, which comprises a single count, seems to count on two promises by defendants to pay the debts of Sapp & Hagler—one made by them to Sapp & Hagler in consideration of a sale of their business to them and the other made to Willis & Edwards in consideration of their purchase of the assets formerly in the name of Sapp & Hagler from them. The first of

these promises is not alleged to be in writing expressing the consideration, while the second is shown to be in writing which writing is set out *in haec verba.* This second promise may be entirely eliminated, and the count would still state a good cause of action, a perfectly valid objection on the part of the defendants to pay the debt of the plaintiff and was not subject to any of the grounds of the demurrer purporting to go to the complaint in its entirety. It is of no consequence whether that promise was oral or written.—*McKenzie v. Jackson,* 4 Ala. 230; *Cameron v. Smith,* 11 Ala. 259; *Martin v. Black,* 21 Ala. 721; *Mason v. Hall,* 30 Ala. 599; *Shotwell v. Gilkey,* 31 Ala. 724; *Godden v. Pierson,* 42 Ala. 370; *Burkham v. Mastin,* 54 Ala. 122; *Graves v. Shulman,* 59 Ala. 406; *Locke v. Humphries,* 60 Ala. 117; *Coleman v. Hatcher,* 77 Ala. 217.

The right of the plaintiff to enforce the promise is thoroughly well settled.—*Henry v. Murphy,* 54 Ala. 246; *Young v. Hawkins,* 74 Ala. 370; *Dimmick v. Register,* 92 Ala. 458; *Coleman v. Hatcher, supra.*

Whether the other portion of the complaint which seems to count upon the second promise was subject to any of the grounds of the demurrer it is unnecessary to decide.

The ground of demurrer going to that part of the complaint which seeks to recover costs and attorney's fees, should have been overruled. A demurrer must challenge the sufficiency of the count as a whole and is not the proper mode of evoking a decision of the court as to the right of the plaintiff to recover these items. If not recoverable, the proper way to raise the objection is by motion to strike or by objection to evidence or by request for proper instructions to the jury.

The court committed an error in sustaining the demurrer to the complaint, and the judgment must be reversed and the cause remanded.

Reversed and remanded.