# Solomon v. American Guild.

## Action on Insurance Policy.

(Decided June 13, 1907. 44 South. 387.)

*Insurance; Policy; Conditions; Construction; Saloon Keeper.*— The insured was a saloon keeper within the provisions of the policy sued on and the by-laws of the order where it appeared that he employed the bar tender, purchased the stock, deposited the money, made up the cash, paid the bills and the place was commonly known and called Zeke's Place and the insured was commonly known and called Zeke, although his wife was the owner of the saloon and he had control but never served drinks.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Addie Solomon against the American Guild. Plaintiff appeals from the judgment. Affirmed.

This was an action by Addie Solomon against the American Guild to recover the sum of $5,000 alleged to be due on a policy of insurance whereby the defendant insured the life of Simon Solomon for the term of his membership in said American Guild; it being alleged that the said Simon Solomon was a member at the time of his death. The defendant admitted that plaintiff was entitled to recover the sum of $2,500, but as a defense to the amount claimed in excess of $2,500 it pleaded that in and by the policy of insurance it was expressly provided that if the insured should be a saloon keeper or bartender, where intoxicants were sold, at the time of his death, and such death should occur from causes not connected with his duties as such saloon keeper or bartender, his beneficiary should be entitled to receive only one-half of the benefits stated in this certificate after five years of membership. It was alleged that at the time of the death of Simon Solomon he was a saloon keeper or bartender, where intoxicants were sold, that his death occurred from causes not connected with his duties as such saloon keeper or bartender, and it appeared from the averments of the complaint that he had been a member for more than five years. The evidence showed, without conflict, that at the time of his death Simon Solomon was the manager of the Woodward Bar, a saloon in which intoxicants were sold; that Mrs. Addie Solomon was the owner of said bar, but that she took no part in the management of the business, which was managed for her by her said husband, Simon Solomon; that the said Simon Solomon never served or mixed any drinks at the bar, but that he employed the hands, purchased stock, deposited the money, and made up the cash; that while the said Simon Solomon, who

[Solomon v. American Guild.]

was commonly called "Zeke" never waited on the bar or sold any drinks, he had bartenders employed for that purpose; that there was a sign in front of the establishment which bore the legend "Zeke's Place," "The Woodward," or words to that effect; and that Simon Solomon was commonly called or known by the name of Zeke. It was also shown, without conflict, that the provision set out in the pleas above mentioned was contained in the policy of insurance and also in the laws of the order; the defendant being a fraternal benefit association. The court instructed the jury, in writing, at the request of the defendant, that if they believed the evidence they must find that the plaintiff was entitled to recover only the sum of $2,500, with interest thereon at the rate of 6 per cent. per annum from the 6th day of September, 1904; it being agreed between the plaintiff and defendant that any payment due on the policy was due September 6, 1904, and bore 6 per cent. interest.

A. LATADY, for appellant.—That construction must be given to the policy most favorable to the insured and against the insurer.—58 Ala. 476; 80 Ala. 467; 32 N. Y. 105; 70 Md. 400; 10 Lea 461; 32 Pa. 351. The contention of appellee is so strange that it is not likely that any cases will be found to support it. The following cases are cited as bearing on the proposition: *Cahill v. Campbell,* 105 Mass. 40; *In re Sherrod,* 21 Fed. 1285; 63 Ky. 107; 11 Fed. 217; *Dixon v. Birch,* L. R. 1872-3.

CABANIS & BOWIE, for appellee.—The insured was a saloon keeper within the meaning of the provisions of the policy.—*Schultz v. The State,* 32 Ohio St. 276; *U. C. L. Ins. Co. v. Hughes,* 110 Ky. 26, 60 S. W. 850; *Snow v. Modern Woodman of America,* 24 Ohio C. C. R. 142; *N. W. N. L. Ins. Co. v. Irwin,* 103 Ill. App. 580;

*People v. Rice,* 103 Mich. 350; *Commonwealth v. Brady,* 147 Mass. 583; *State v. McQuire,* 64 N. H. 529; Black on Intoxicating Liquors, § 373; *State v. Dowe,* 21 Vt. 484; *Stevens v. People,* 67 Ill. 587; *Abel v. The State,* 90 Ala. 631; *Perkins v. The State,* 92 Ala. 66; *Dentler v. The State,* 112 Ala. 70.

HARALSON, J.—It appears to be agreed by counsel on both sides, that the only question presented for review is, whether or not the insured, Simon Solomon, was a saloon keeper or a bartender, within the meaning of the policy; that if he was such saloon keeper or bartender, the court was justified in charging the jury as it did, in favor of the defendant, and if he was not such a saloon keeper or barkeeper, this instruction was erroneous, and the charge requested by plaintiff, if the jury believed the evidence, to find for her for the sum of $5,000, with interest, should have been given and not refused.

Webster defines a saloon as, "Popularly, a public room for specific uses; especially, a barroom or grogshop; as, a drinking saloon," etc. As stated by counsel, a saloon keeper must be, ex vi termini, the keeper of such a saloon.

It appears that Mrs. Solomon was the owner of the saloon, in which intoxicants were sold; and because of this fact, it was argued that her husband, who was the manager of the business, was not the saloon keeper. The evidence shows that plaintiff, Mrs. Solomon, was not the keeper of the saloon. She never went about it, and had nothing to do with its control or keeping.

Robertson, for the defendant, testified, that Simon Solomon never served or mixed drinks, and did not stay behind the bar, except at the front, where cigars were sold, separated from the bar counter by a screen; that he employed the hands and purchased stock, deposited

the money and made up the cash, and paid the bills of the saloon; that there was a sign in front of the establishment which bore the legend, "Zeke's Place," "The Woodward," etc.

Another witness testified, that Solomon was commonly called "Zeke," but that he never waited on the bar or sold drinks; that he had bartenders employed for that purpose—giving their names—porters and laborers; that in the cellar there was carried a stock of liquors in bulk, of which witness as well as Mr. Soloman kept an account; that Solomon purchased the goods and employed the help.

It is difficult to see why Mr. Solomon was not the keeper of this saloon. If he was not, no one was. He performed all the duties of a saloon keeper. If he had been called the governor or superintendent of the saloon, it would not have altered his relation to it. He would have been its keeper, as much so, as if he were called a saloon keeper. It would have been the same thing by another name. Such a keeper does not necessarily mix and serve drinks over the counter, but may, and well might, attend to more important matters connected with the keeping of the establishment. Saloon keepers, bartenders, where intoxicants are sold, and hotel keepers, who attend their own bars, were among those excepted from the full benefit of policies in the Guild. The reason for such exception was such risks were more hazardous than of those not similarly employed.

We are of the opinion that Solomon was a saloon keeper in the sense used in the policy of the Guild, and that the court did not err in giving the charge requested by defendant and refusing the one requested by the plaintiff.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.