# Central of Ga. Ry. Co. v. Weaver.

*Damage for Delay in Carrying a Show.*

(Decided May 13, 1915.   Rehearing denied June 30, 1915.
69 South. 521.)

1. *Carriers; Goods; Delay; Complaint.*—Where the action was against a carrier for delay in the transportation of a carnival outfit, an averment in the complaint that defendant knew the purpose for which plaintiff was moving such outfit, was too general, since knowledge of the carrier of the general use to which property may be put will not always suffice to impose liability for loss of profits or of rental value, and such complaint is therefore demurrable.

2. *Same; Damages.*—Where the action was against a carrier for delay in transporting a carnival outfit, evidence consisting of estimates as to the profits that would have been earned if the show had arrived in time was insufficient as a basis for damages; loss of profits which are purely speculative not being recoverable.

(Gardner, J., dissents.)

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by E. W. Weaver against the Central of Georgia Railroad Company, for damages for delay in transporting a carnival outfit and troup. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

BARNES & BREWER, for appellant.

RIDDLE, ELLIS & RIDDLE, for appellee.

McCLELLAN, J.—(1) This action by Weaver, appellee, against the railway company, was submitted to the jury on the issues made by the fourth count, and a verdict for $500 damages was returned. The wrong complained of was the delay of the carrier in transporting the plaintiff's shows, and its attached people and performers, from Opelika to Alexander City, in this state, at which latter place the plaintiff had previously engaged with the Tallapoosa County Fair Association to give performances and to afford attractions and amusements; he being entitled to charge admissions for certain of his attractions. The fourth count claims damages for the loss of the "use of the said carnival outfit and people" for one entire day, and alleges that the value of such lost use was $750. It is averred in count 4 that "the defendant knew the purpose for which the plaintiff was moving said show outfit" to Alexander

City. There was no ground of the demurrer testing the sufficiency of the allegation with respect to the carrier's knowledge, at the time the contract of carriage was effected, of the special circumstance on which the plaintiff would predicate the carrier's liability for the special damages claimed for the use of the outfit for one day. The stated averment of knowledge of the plaintiff's purpose on the part of the carrier was too general, too much a conclusion of the pleader, to avoid the effect of aptly grounded demurrer. The application is well stated in 3 Hutchinson on Carriers, § 1369. Knowledge of the carrier of the general use to which the property may be put will not always suffice to impose liability (for delay in transportation) for loss of the value of the use or of profits or of rental value.

(2) The only testimony bearing on this matter of the value of the use described is that given by the plaintiff himself. It affirmatively appears from his testimony that the value—of the lost use of the outfit and the people for one day *at Alexander City*—he ascribed to the loss of such use for that day was a pure speculation on his part. He testified that the use on that occasion, one day, was $1,000. On the cross-examination he testified: "The use of my shows was fixed on the idea of what I could have made with it that day, if I had been there, when I said $1,000. They could not have been used in any other way, except to show there. All that was on the idea of the people patronizing it and taking in admission fees, and it was on that idea that I said the use of it was worth $1,000, based upon what I would have made, if I had been there, on account of the people patronizing me; and taking in admission fees."

Other statements by him further confirm the conclusion announced that his testimony on this matter was purely speculative. For instance, he testified that he did not know the rental value at Alexander City of any one of the attractions that went to make up his carnival attractions. It was his obligation to establish the value of the loss of the use of his "shows *at Alexander City*. This he undertook to do through means of an estimate of what he would have received in admission fees if he had been open for business that day at that place. Necessarily it could not be told what that sum would have been. It would have depended upon the number of people afforded the opportunity to see the attractions, the number that would have desired, that day, to see them, and the number willing and able to pay to see them.

Claims for damages, predicated of the loss of profits, are considered too uncertain to form the basis of a recoverable sum, "which are purely speculative in their nature and depend upon so many incalculable contingencies as to make it impracticable to determine them definitely by any trustworthy mode of computation."— *Dickerson v. Finley*, 158 Ala. 149, 163, 48 South. 548, 552. Any claim for damages for loss of the nature and character asserted by the plaintiff could only be predicated of what admission fees the shows would have received on that day *at Alexander City*. Such a basis is entirely uncertain, and is affected with too many contingences incapable of anything approaching definite determination, to allow a recovery as upon it.

It seems that a contrary conclusion on somewhat similar evidence touching a similar inquiry was attained by the Massachusetts court in *Weston v. B. & M. R. R. Co.*, 190 Mass. 298, 76 N. E. 1050, 4 L. R. A. (N.

S.) 569, 112 Am. St. Rep. 330, 5 Ann. Cas. 825, and the conclusion there given effect may be said to find support in the few decisions mentioned in the opinion and in the annotator's note. Nevertheless we are unwilling, after due consideration, to apply the rule of that case, and others in its line, to the obviously speculative matter and testimony presented in this record.

The court erred in refusing to the defendant special charge numbered 4, which restricted the recovery, if due, to nominal damages only.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justice concur, except

GARDNER, J.—(dissenting).—I am unable to concur in the views expressed by the court in the foregoing opinion. As I understand the opinion, it proceeds upon the theory that, conceding appellee was wrongfully delayed on his journey to Alexander City, and that, therefore, the defendant carrier was liable to him for such wrong, yet the plaintiff must be restricted to a recovery of nominal damages only, on the theory that his testimony as to the value of the use of his property at Alexander City is shown to be based upon the patronage he expected his shows to receive during that day.

I am fully mindful of the force of the opinion of the court, based upon the doctrine of "speculative profits," as referred to in the case of *Dickerson v. Finley*, 158 Ala. 149, 48 South. 548, and cases of like character. I am convinced, however, that the error lies in giving application to those cases to the one here under consideration. It must be conceded that the views expressed

in the opinion in this case lead to harsh results, and the rule announced in the "speculative profit" cases should not be extended further than the exigency of the occasion requires.

There can be no question in this case as to the carrier having full notice of the purpose for which the plaintiff was going to Alexander City, and of the time when he was expected to arrive, and that the damages here sought, as a result of the breach of contract and duty of the carrier, were such as to be treated within the contemplation of the parties. The opinion in this case, as I understand it, does not proceed upon any contrary theory. The plaintiff did not seek a recovery of lost profits, but sought merely to show the value of the use of his property for that day. | The case is brought squarely within that decided by the Supreme Judicial Court of Massachusetts in *Weston v. Boston & Maine R. R.,* 190 Mass. 298, 76 N. E. 1050, 4 L. R. A. (N. S.) 569, 112 Am. St. Rep. 330, 5 Ann. Cas. 825, referred to in the above opinion. In that case the court said: "The case at bar is not a case of special profit or special damage, but a case of the ordinary damages consequent on a delay in the delivery of scenery and other properties of a traveling theatrical company. That a common carrier with notice is liable in such a case is plain from the decision made in *Simpson v. London, etc., R. Co.,* 1 Q. B. D. 274, as to delay in the delivery of samples to be exhibited at a cattle show.  *  *  * The question, however, is the ordinary damage from a delay in the transportation of that kind of freight. To get those ordinary damages, notice that the freight to be transported is that kind of freight, and that it is to be used at its destination, must be given to the car-

rier; and the damages recoverable are the ordinary earnings of the property in question."

In the note to the above-cited case the author makes the following observations: "Although the question as to the correct measure of damages for a carrier's delay in transporting and delivering property intended for exhibition purposes, whereby the exhibition of the property is prevented, has been passed upon in only a few cases, the holding of the reported cases is in line with the few decisions which have passed upon the question."

—citing the following cases as sustaining the doctrine of the Massachusetts court: *Yoakum v. Dunn*, 1 Tex. Civ. App. 524, 21 S. W. 411; *Kennedy v. Am. Exp. Co.*, 22 Ont. App. 278; *Foster v. Cleveland, etc., R. Co.* (C. C.) 56 Fed. 434; *Simpson v. London R. Co.*, 1 Q. B. D. 274.

The difference between the recovery of "speculative profits" and the value of the use of the property is commented on in *Griffin v. Colver*, 16 N. Y. 489, 69 Am. Dec. 718, cited in *So. Ry. Co. v. Coleman*, 153 Ala. 266, 44 South. 387. In the Massachusetts case quoted from above it is pointed out that no special profits were asked, but only damages for the loss of the ordinary earnings, such as are here in question. A similar question was given consideration by the Court of Appeals in the case of *St. L. & S. F. Co. v. Lilly*, 1 Ala. App. 320, 55 South. 937, where it was held that a traveling salesman, deprived of his samples by the delay of the carrier for 21 days, was entitled to recover for the value of the time lost by him during the time covered by the detention.

The record in this case shows that the plaintiff has been engaged in the business of exhibiting these shows

under conditions such as prevailed at Alexander City for a number of years; and it further shows that the day he was expected to exhibit at that place the weather was fair, and that he operated these shows at that place for several days during that week. Plaintiff therefore showed, not only a long experience in that line of business under similar conditions, but also experience at that very place, and he testified as to the value of the use of his property there for that day.

The opinion in this case restricts plaintiff to the recovery of nominal damages, for the reason that he was unable to show how many people would have patronized his shows on that day. I am persuaded that the testimony here referred to, in connection with all the other evidence in the case, was sufficient for submission to the jury as to the value of the use of the property, and that it sufficiently appears that his judgment was based upon the ordinary earnings of the property under similar conditions. The mere fact that it developed his judgment as to the value of the use of his property largely rested upon the profits he expected to realize from the operation of his shows at that time should not, in my opinion, entirely destroy the value of his evidence as to his judgment, based upon years of actual experience of several days at that particular locality. Indeed, reduced to its last analysis, the value of the use of property in general must finally depend upon what it profits one, and that after all the profits are the foundation of one's judgment as to the value of use. The Court of Civil Appeals of Texas, in *Yoakum v. Dunn, supra,* deals somewhat with this question.

I think that the opinion in the instant case carries the doctrine of "speculative profits" to too great an ex-

[Central of Ga. Ry. Co. v. Weaver.]

tent. As said in *Griffin v. Colver, supra*: "It is not a primary rule, but a mere deduction from that more general and fundamental rule which requires that the damages claimed should in all cases be shown, by clear and satisfactory evidence, to have been actually sustained"

Following the reasoning of the opinion in this case, the owner of such an outfit as here disclosed, with the engagements for exhibition at various places, is entirely at the mercy of the carrier. He may be wrongfully delayed, and deprived of the use of his property for a day, or a week, or more, and, seeking redress and compensation in the courts for his damages, he is told that he has a good case, that he has been wrongfully treated, and that, while great injustice has been done him, because of his want of certainty of proof as to the amount of his damages, coupled with a fear on the part of the court that exact justice may not be done the' defendant, he must be denied any actual compensation whatsoever. He is given the consolation only of a vindication by a judgment in his favor, which, it must be confessed, is of little comfort in this day of commercialism. He asks for substance, and is given a shadow.

By the same reasoning, if the passenger trains of the defendant carrier in this case were wrongfully delayed by some one for an entire day, a recovery could be had for only nominal damages because of uncertainty as to the number of passengers who might have been willing and desirous of transportation on that day. Or, a better illustration: A more recent mode of transportation in our cities is what is known as the "jitney bus." The owner of the "jitney bus," which is wrongfully delayed on its trips for one day, could recover nothing

in actual damages; and yet in both instances it could be shown what the *ordinary earnings* for each day, and therefore with reasonable certainty the ordinary value of the use of the property during that time. If these illustrations are not apt, and the rule would not be applied in such cases, I am unable to see why the distinction should be drawn against one situated as the plaintiff in this case, who has had long experience in the business, and who had actual experience as to the patronage at Alexander City for a period of several days. Our courts and juries are constantly giving judgments and verdicts founded on no more certain testimony as to damages than that afforded by proof of the value of use of property based upon its ordinary earnings. See *Bell v. Reynolds,* 78 Ala. 511, 56 Am. Rep. 52; *Int. Agr. Cor. v. Abercrombie,* 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415.

The opinion, to my mind, followed to its ultimate result, permits the courts, for fear of not doing exact justice, to themselves be instrumental in accomplishing a great injustice. Such a result is certainly to be avoided, if possible. The only cases referred to in the opinion in this cause which may be treated as directly in point are at variance with the holding here, but, in my humble judgment, are more in keeping with justice and fairness. There is an old quotation found among the legal maxims, "What is just and right is the law of laws."

I respectfully dissent.

### ON REHEARING.

McCLELLAN, J.—In the opinion of the court (ante) the particular issue, as respects the damages claimed,

[So. Ry. Co. v. Brewster.]

made by count 4, is càrefully set forth; and the evidence by which the plaintiff (appellee) undertook to sustain the affirmative of that issue is accurately set down. This appeal, like all others, must be alone considered and decided on the record before the court.

None of the decisions or texts cited on brief for the applicant for rehearing, except, perhaps, those set forth or noted in 5 Ann. Cas. 825 et seq., have any tendency to reflect upon the correctness of the conclusion given effect, on the issue and the evidence, on this appeal. Here, according to the plaintiff's own statement, the estimate of the value of the "use of the said carnival outfit and people" at Alexander City, for one day, was expressly based by him upon the pure guess as to how many people would have, on that day, purchased tickets to attend his amusements. There is no decision by this court that gives color or countenance to a recovery of actual damages upon testimony purely speculative.

The rehearing is denied.