(124 So. 907)

**BANKERS' MORTGAGE BOND CO. v. SPROULL.   (6 Div. 420.)**

Supreme Court of Alabama.   Dec. 5, 1929.

Nesbit & Sadler, of Birmingham, for appellant.

Charles A. Calhoun, of Birmingham, for appellee.

SAYRE, J. Appellee's complaint alleged that she had been caused to fall down stairs and suffer injuries by the negligence of appellant in allowing water to accumulate and remain on the steps of the building occupied in part by appellant and in a different part of which appellee was employed, rendering them wet, slippery, and dangerous. Defendant appeals.

Two questions are presented: (1) Whether appellant was entitled to the general affirmative charge duly requested; and (2) whether the court erred in admitting evidence of appellee's average earnings as tending to prove the proper measure of damages.

1. Appellant holds that there was no scintilla of evidence going to show that it controlled or was responsible for the condition of the building at the point where appellee was hurt, viz. the steps. Appellant was a tenant in the building in which the accident occurred, holding under lease five floors, including the ground floor. There were other tenants on the ground floor whose offices, like appellant's, opened on the corridor leading from Twenty-First street, through the building, to the elevator, or to the lobby in front of the elevator, as the witnesses spoke of it, but whether these other tenants held under appellant or the owner of the building does not appear. The accident in which appellant suffered occurred on a stairway of four steps in the midst of the corridor leading from the east entrance to the elevator. We state the situation as we are able to gather it from the bill of exceptions. Perhaps the jury had a better understanding of the geography of the locus in quo than we have, for they had before them a blueprint of the ground floor, which is not reproduced in the bill of exceptions; but their superior knowledge of the situation is hardly more than a surmise. Appellee was employed on the sixth floor of the building, and was on her way to the elevator on the first floor, when, as she stepped down on the first step of the stairway, she slipped and fell. Her testimony was that it had rained hard an hour or two previously, and that, after she fell, she noticed for the first time water on the floor and on the step.

After repeated readings of the bill of exceptions, we are unable to locate evidence upon which the jury may have visited responsibility for the condition of the steps upon defendant, and appellee appears to be aware of this deficiency in her case, for her final recourse is to circuit court rule 35, Vol. 4 Code, p. 907, and to the opinion of the Court of Appeals in Sovereign Camp v. Dennis, 17 Ala. App. 642, 87 So. 616. Rule 35 relates to failures to prove matters "not involving a substantive right of recovery or defense," and forbids reversal upon appeal upon the refusal of the general charge based upon such ground, unless the point was brought to the attention of the trial court. But that rule cannot be applied in this case, for the reason that proof as to defendant's responsibility for the condition of the locus in quo, the steps, did involve the "substantive right of recovery or defense"; nor does the cited case hold to the contrary in any respect. Moreover, there was no evidence to locate any human responsibility for the presence of water on the steps. There was evidence that it had rained heavily an hour or two prior to appellee's hurt, but none that rain had wet the corridor in the center of the building at least six stories high. The court is of opinion that the indicated condition of the steps—conceding for the argument that there may be evidence to warrant an inference of appellant's responsibility in general for the steps—was of such casual and transitory nature that responsibility should not be fastened upon appellant for that condition, in the absence of evidence tending affirmatively to establish the negligence of appellant or some of its employés in producing it or tolerating it for an unreasonable length of time after it became known or should have been known in the exercise of reasonable diligence. There was no such evidence.

2. We think it should be added, in view of another trial that may follow, that the court committed no error in admitting evidence of appellee's average earnings by way of commissions. It has been held by this court that a party may not, in an action on contract, recover the profits he may have lost by reason of the interruption of his business. Central of Georgia v. Weaver, 194 Ala. 46, 69 So. 521; Perfection Mattress Co. v. Dupree, 216 Ala. 303, 113 So. 74; Millican v. Haynes, 212 Ala. 539, 103 So. 564. But, in an action of tort, plaintiff may recover for the impairment of his earning capacity and for time lost from his business by reason of the wrong complained of. Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224. In this connection we refer to Baxter v. Philadelphia & Reading Rwy., 264 Pa. 467, 107 A. 881, 9 A. L. R. 504, and Loschiavo v. Northern Ohio Co., 106 Ohio St. 61, 138 N. E. 352, 27 A. L. R. 424, where this subject and the confusion of the authorities bearing upon it are discussed. And the court here is of opinion that the plaintiff in cases of this character—and of course any other competent witness—may testify to earnings by personal effort over a period so reasonably extended as to afford the basis for a just estimate of average earnings—this in order to provide data upon which to award compensation for loss of time in the event of a finding for plaintiff. Beck v. West, 87 Ala. 213, 6 So. 70, is supposed to be the stumbling block in the way of the conclusion indicated. But we note that plaintiff in that case, a suit for breach of contract, was allowed to recover his agreed shares of the profit—which were the same as commissions in this case—on sales made by him or which "he could have perfected during his term" of

employment; but not on "mere expectations, doubtful offers, or other vague or indefinite assurances of intention to purchase, without expression of quantity or value," which according to the opinion in that case "must be classed as speculation, and hence not recoverable," citing a number of cases in which the actions were on bonds in attachment cases or other contracts. In that case there was no offer to prove average past earnings—there had been no such earnings, or next to none, as the stated facts disclose—but the offer by plaintiff was to give in evidence his opinion as to what he would or probably would have made without any basis in experience for such opinion. The judgment now is that in cases of this character it is enough if the evidence furnishes data for a fair and just approximate estimate of the amount of damage suffered by reason of loss of time. W. T. Adams Co. v. South State Co., 2 Ala. App. 482, 56 So. 826; Alabama G. S. R. Co. v. Yarbrough, 83 Ala. 241, 3 So: 447, 3 Am. St. Rep. 715; 13 Cyc. 46. as well as Sparks v. McCreary, supra. Of evidence of the sort now approved, it has been said by competent authority that "these facts are not shown as affording a measure of damages, but to aid the jury in estimating a fair and just compensation for being prevented by the injury from engaging in or prosecuting such business or work." 3 Sutherland on Damages (Edition of 1883) p. 716, where numerous adjudicated cases are cited.

Reversed and remanded.

All the Justices concur.