## TATUM & SMITH vs. MORRIS.

1. Trespass is the only remedy for damage occasioned to the plaintiff by the malicious act of the defendant in causing an execution issued against a third person to be levied on property belonging to the plaintiff.

2. An action does not lie to recover damages for the malicious act of the defendant in suing out an injunction against the plaintiff, until the injunction is finally disposed of, or until the suit in which it was sued out is terminated.

ERROR to the Circuit Court of Coosa. Tried before the Hon. Geo. D. Shortridge.

THIS was an action of trespass on the case by Tatum and Smith against Morris. The declaration contained three counts. The first and third counts, which are substantially the same, charge the defendant with "causing and procuring the Sheriff of Autauga County to levy an execution against one Stephen Shelton, on certain slaves, the property of the plaintiff, and to take possession of and carry them away," with intent to cause it to be suspected and believed that plaintiffs had no title to said property, and to hinder and prevent them from selling the same, whereby plaintiffs sustained great damage, &c.

The second count charges that the defendant, wrongfully, &c., with intent to injure plaintiffs, caused and procured a writ of injunction to be issued from the Chancery Court at Wetumpka, restraining plaintiffs from paying over certain sums of money in their hands, collected from an assignment of certain property to them by said Shelton, whereby they sustained great damage, &c. The court sustained the defendant's demurrer to each count in the declaration, and this is now assigned as error.

ELMORE & YANCEY, for plaintiffs in error:

1. Case is the proper remedy for an injury done under process legal and regularly issued.—1 Chitty's Pl. 139; Luddington v. Peck, 2 Conn. 700; Brunscomb v. Bridges, 1 Barn. & Cress. 145; Hayden v. Shed, 11 Mass. 500; Beck v. Broadbent, 2 Durn. & East, mar. page 183; Beatty v. Perkins, 6 Wend. 382; Watson v. Watson, 9 Conn. 141; Turner v. Walker, 3 Gill & Johns. 385; 5 East 304. These cases, though the facts are different, all establish the same principle, viz: that case, and not trespass, is the remedy when process is regularly issued by a court of competent jurisdiction, and an injury is done under it by its illegal use. It makes no difference whether the person so abusing the process is a party to it or not.

2. When a party has sustained both general and special damage from a trespass, or immediate and consequential damage, he may waive the special or consequential damage, and proceed for the general damage only. If he can do this, there is no reason why he may not waive the immediate damage and proceeed for the consequential. It has been decided, that when the special damage is not the immediate consequence of the force, the trespass may be waived and case maintained.—Pitts v. Gaines *et al.*, 1 Salk. 10; Muskett v. Hill *et al.*, 5 Bingham 694; Gelson v. Fisk, 8 N. Hamp. 404. If the damage be consequential, the party may sue in case, or in trespass with a *per quod.*—1 Chitty's Pl. 127. It has been further decided, that when there is both an immediate and a consequential injury, both actions may be maintained; and the plaintiffs being entitled to both must have their election to proceed in either.—Harker v. Birkbeak, 3 Bur. 1561; McAllister v. Hammond, 6 Cow. 345. It has also been decided, that in cases of negligence when the injury is immediate, the party has an election to treat the negligence as

.the cause of action and declare in case, or consider the act itself as the injury and declare in trespass.—Blin v. Campbell, 14 Johns. 432; 6 Cowen 342; 3 N. Hamp. 465; 10 Wend. 324; Williams v. Holland, 6 Carr. & Payne 23; 2 Black. R. 897.

The declaration in this case does not make the levy and seizure of the slaves the gravamen of the action, but the abuse of the process.

3. The cause of action accrued when the tortuous act was done, and when the consequential damage ensued.—Granger v. George, 5 Barn. & Cress. 149; Peter v. Kendall, 6 ib. 703; 3 Barn. & Ad. 448; ib. 626; 16 East 215.

· 4. The second count, averring the issuance and service of an injunction, is not bad for want of an averment that the injunction was dismissed: because the action in this case is not for the suing out of the writ, but for the malicious use of the process, and therefore involves no question of probable cause for suing it out.

WHITE & PARSONS, *contra* :

1. It is insisted that each of· the three counts discloses a cause of action for which trespass is the only remedy, "and the motive, intent, or design of the wrong doer cannot change it."— See 1 Chitty's Pl. p. 130, margin.

Lord Chief Justice Ellenborough says: "The true criterion seems to be, according to what Lord Chief Justice DeGrey says in Scott v. Sheppard, (3 Wills. 403,) whether the injury received by the plaintiff was by force from the defendant. If the injurious act be the immediate result of the force, originally applied by the defendant, and the plaintiff be injured by it, it is the subject of an action of trespass, *vi et armis,* by all the cases ancient and modern, and it is immaterial whether the injury be wilful or not.—Leame v. Bray, 3 East 598; Wilson v. Smith, 10 Wend. 327-8; Percival v. Hickey, 18 ib. 284; see also 1 Chitty's Pl. p. 125-6-7-8.

2. So also is trespass the remedy, where one directs the sheriff to levy particular goods, not the property of the defendant in the action.—1 Chitty' Pl. 180; Phillips & Brown v. Hall *et al.* 8 Wend. 610; Wall & Wall v. Osborn, 12 ib. 39; Smith v. Shaw, 12 Johns. 257. Again—"where process has been misapplied, as where A, or his property, has been taken upon process against B., trespass is, in general, the only remedy."—

1 Chitty's Pl. mar. 185 ; 2 Wils. 309; 2 Bla. R. 353. The cases on which counsel for the plaintiffs in error rely, are clearly distinguishable from this case in principle. It will be found on examination, that all or nearly all are for the abuse of process by one who is a party to it. This doctrine is not disputed, but it is inapplicable to this case, and such is the decision of the court in one of the cases referred to.—See Watson v. Watson, 9 Conn. 147. And where a justice issues a second execution after the first is satisfied, he is a trespasser.—Lewis v. Palmer et al., 6 Wend. 367. But in this, as in all the cases, the doctrine is distinctly recognized that the process is a protection to the officer executing it, so far as any trespass to the defendant is concerned.—See also to the same point, McGuinty v. Herrick, 5 Wend. 240 ; Turner v. Walker, 3 Gill & John. 385–386.

3. The second count is defective for several reasons, and the attention of the court is invited to them, in connection with the general principles heretofore relied on, as to the first and third counts. 1. There is no averment by whom the bill in chancery was exhibited at Wetumpka. 2. It is not shown that the chancery suit is ended; for aught that appears, it may be still in progress, and the ultimate decision of the chancellor in favor of the complainant. 3. There is no sufficient averment that the property was not liable to the claim set up by the bill—the facts connected with it are not set forth at all—a mere legal conclusion is all the count contains on this point. 4. The remedy for the wrongful exhibition of the bill, and the process granted under it, is by action on the bond. In suits commenced by attachment, but for our statute, no suit could be brought to recover damages until the attachment suit is ended. This statute provision does not extend to injunction bonds.

PARSONS, J.—The first and third counts are so nearly alike, that our opinion upon the first will be decisive of the third. It is stated in the first, that one Shelton, by his deed, conveyed the property to the plaintiffs, in trust for the payment of his debts; that the defendant afterwards caused the sheriff to levy an execution, which was against the estate of Shelton, upon the slaves that were conveyed, and to take them away. It is fully alleged that this was done maliciously, for the purpose of causing it to be suspected and believed, that the plaintiffs had

no title to the real and personal estate conveyed by the deed, and of hindering a sale thereof, which the plaintiffs were about to make, and otherwise would have made, and that a sale was, at the time, prevented; and consequential damage in a sale of the land and slaves that was finally made is alleged.

The declaration is in case, and the question is, whether trespass was not the only proper action?

The levy and seizure of the slaves was a wilful act, and the force was immediate. It is very unlike the cases, in some of which it has been held, that the injured party may bring either trespass or case for an injury caused by negligence in navigating ships or driving carriages, for here the force was immediate and the act was wilful; and it is distinguishable from the case of an illegal distress, since in this case there was not the semblance of authority for taking the property of the plaintiffs under an execution against another person. Between these parties the execution was a nullity, and could not be pleaded as a justification, as it contained no command to take the property of the plaintiffs. If so pleaded, with an averment that the property in truth belonged to Shelton, the plea, I think, would be demurrable at the common law, as amounting to the general issue, though good, perhaps, under our statutes, which take away special demurrers. There may be cases, as stated in some of the books, where the injured party has an election to bring trespass or case, for damages that are immediate and consequential. Such cases must rest upon their own circumstances. But in this case, the plaintiffs certainly could have recovered all legal damages by declaring in trespass with the *per quod*.

" When process has been misapplied, as when A, or his property, has been taken upon process against B, trespass is, in general, the only remedy."—1 Chit. Pl. 185.

2. The second count is certainly defective. It contains no averment that the suit or proceeding in which the defendant procured the injunction, is ended or determined, nor that the injunction has been disposed of. Previous to this, an action for maliciously procuring the injunction is premature.

Let the judgment be affirmed.