# Collins *v.* Stephens.

58  543
116  538

*Action against Lessee of a Saw-mill for Damages, under an alleged Breach of Contract.*

1. *Breach of contract by lessee of saw-mill; measure of damages; erroneous charge.*—The measure of damages in a suit by a mill owner against one to whom he had leased it, upon defendant's agreement to run it at his own expense, and pay one-fourth of the lumber sawed—the breaches alleged being the failure to run the mill at its capacity, and allowing it to remain idle for some time, and injuring it by unskilful and negligent use, etc.; the injury which results proximately from the breaches; and the facts being ascertained, the law, and not the contemplation of the parties, fixes the measure of damages; hence, it is error to charge the jury, in such a case, that "the damages must be such as both parties reasonably contemplated at the time of making the contract."

2. *Charge to jury; when calculated to mislead.*—When the complaint contains a count for the breach of the contract of renting a saw mill, and also the common counts, the proof showing the contract of renting, and also a sale of oxen, a charge that "*in this action* the plaintiff, if entitled to recover at all, *must recover on the contract,*" is, without more, calculated to mislead; it should be confined to the recovery upon the breach of the contract of rent; for payment for the oxen could be recovered under the common counts.

3. *Conflicting testimony; when case not made out by plaintiff; what a proper charge.*—In such a case, where damages are sought to be recovered for injuries

[Collins v. Stephens.]

to the mill, by reason of its negligent and unskilful use by defendant (two witnesses testifying on this point), it is not error to charge the jury that "if one witness swears the mill was damaged more than by ordinary wear and tear, and the other swears it was not, and both witnesses are of equal credibility, and the jury considers them equally credible, then plaintiff has not made out his case on the question of damaging the mill."

4. *Witnesses; what necessary to make them equally credible.*—Witnesses, to be "equally credible," must have the same measure of intelligence, honesty, means of knowledge, and absence of bias.

APPEAL from the City Court of Lee.

Tried before the Hon. JOHN C. MEADORS.

Action was brought by Terry Collins, appellant, against Thomas J. Stephens, appellee.

The complaint contained five counts; the first and second counts being for damages to the mill leased and for breach of an agreement to run the mill at defendant's expense, and pay one-fourth of the lumber sawed; the third, for goods, wares and merchandize; the fourth, for money paid by request; and the fifth, for money due by account stated.

The defendant pleaded in short the general issue; performance of contract, and a set-off.

The plaintiff testified that he entered into a parol contract with defendant, by which defendant was to take possession of the plaintiff's steam saw-mill, and to run the same at his own expense, and to give the plaintiff one-fourth of all the lumber cut by so operating the mill—the plaintiff to keep the machinery in repair. Several witnesses testified that the contract was to be terminated by Stephens, on giving twenty days notice to plaintiff. Several others swore that it was to be terminated at the option of either party. It was in evidence that Stephens sent Collins a written notice, dated September 2d, 1873, that he would terminate said contract in twenty days. Collins also swore that he was to let Stephens have a yoke of oxen at $65, for which he had only received $30 in lumber. Stephens swore that the price of the oxen was $60, and that they had been paid for in lumber.

It was proved that Stephens abandoned the mill on the 20th of September, and several witnesses testified that, on said last day, plaintiff's son, who was living with plaintiff, took possession of the mill; but the plaintiff, in rebuttal, swore that his son had no authority to do so. As to the damage done the mill, the evidence was conflicting—one witness swearing one way and another witness testifying to the opposite.

There was other evidence which, from the view of the case taken by this court, need not be here noticed.

After the evidence had closed the court gave several charges, at the request of defendant, in writing, among which were the

VOL. LVIII.

[Collins v. Stephens.]

following: "2d. If the plaintiff is entitled to recover in this action at all, he must recover on the contract." "9th. That the plaintiff must make out his case, in every particular, before the defendant is called on to say a word." "12th. That if only one witness swears the mill was damaged more than ordinary, and one witness swears it was not, and both witnesses are of equal credibility, and the jury considers them equally credible, then the plaintiff has not made out his case." "13th. The damages must be such as both parties reasonably contemplated at the time of making the contract." To the giving of each of said charges the plaintiff excepted, and now assigns the same as error.

W. H. BARNES & SON, for appellant. (No brief came to Reporter.)

H. C. LINDSEY, contra.—1. The second charge was properly given. The bill of exceptions sets out all of the evidence, and there is no proof bearing upon the common counts in the complaint. All the evidence was upon the contract.

2d. The 12th charge was not erroneous. The witnesses swore positively; and the quality of credibility included knowledge, capacity, opportunity, the absence of either of which qualities would impair credibility.

3. The 13th charge was correct.

STONE. J.—The 13th charge asked should not have been given. The measure of damages in a suit for the breach of a contract, such as that described in the complaint, is the injury which results proximately from the breach. And whether the parties, at the making of the contract, contemplated, or had in view the damages to result from a breach of such contract, or not, does not, in the least, vary the question, or the measure of recovery. The facts being ascertained, the law, and not the *contemplation of the parties*, declares the measure of damages.

The testimony tends to show there were two contracts— one a lease of the mill, and the other a sale of oxen. Payment for the oxen, if not previously made, could have been coerced under the common counts found in the complaint. In this view, the second charge was somewhat calculated to mislead, and should have been confined to the special count. For the same reason, the ninth charge, without explanation, was calculated to mislead.

To be "equally credible," witnesses must have the same measure of intelligence, honesty, means of knowledge, and ab-

[Perry County et als. v. Railroad Company et als.]

sence of bias. There was no error in giving the twelfth charge.

We find no other errors in the rulings of the City Court. . Reversed and remanded.