# Tutwiler *v.* Burns,

*Breach of Contract.*

(Decided April 6, 1909.   49 South. 455.)

1. *Contracts; Breach; Remedy; Injunction.*—Where a party to a contract breaches the same because of injunctive process invoked by him, the other party thereto may pursue an action for the breach of the contract, and is not limited to an action on the injunction bond.

2. *Same; Pleading.*—It being alleged that plaintiff had already entered on the performance of the contract by assembling material and doing of work on the lot under a contract to construct a building for defendant on such lot, the further averment that the defendant had breached the agreement by forbidding the construction of the building, and refusing to allow plaintiff to carry out his part of the agreement, states a breach of the entire contract—a refusal of defendant to be bound by it.

3. *Same; Action; Instruction.*—Where it appears that a bid was made by the plaintiff to erect a building for defendant which was accepted by defendant and the contract awarded with defendant's approval; that the writing was executed by defendant before it was left at plaintiff's office by defendant's agent, and that the only thing in the contract left uncompleted was the guaranty bond which was tendered by plaintiff and later refused by defendant's agents because furnished by a bonding company, other than that represented by defendant's agents, charges predicating a finding for defendant on the intent of defendant's agent—that is to say. if the agent left the contract at the plaintiff's office that plaintiff might examine it and not with the intent of making it the binding contract of the parties from the moment it was left there—would give a controlling effect to the intention only of the agent, although such intention was opposed to the evidential effect of such agent's associated acts and doings, and hence, were properly refused.

4. *Damages; Contract; Breach.*—Where, in the breach of a contract, to construct a building, the defendant prevented plaintiff from doing the work and appropriated to his benefit the material and labor of plaintiff, or ratified such appropriation, such materials and labor, constituted elements of recoverable damages

5. *Witnesses; Evidence at Former Trial; Competency; Decedent.*—The fact that a witness is dead since the former trial of the case does not render his testimony incompetent under section 1794, Code 1896; a reproduction of his testimony by a party to the cause has no relation to a transaction with or statement by deceased in any individual sense.

6. *Alteration of Instruments; Retracing Writing.*—The retracing in ink of figures penciled into a contract is not a material alteration thereof.

[Tutwiler v. Burns.]

7. *Appeal and Error; Harmless Error.*—The admission of evidence which is immaterial is ordinarily harmless.

8. *Charge of Court; No Evidence.*—The court cannot be required to give charges asserting that there is no evidence of particular facts. in the case.

9. *Same; Abstract Instructions.*—In an action for a breach of contract by preventing the performance thereof, requested charges asserting numerous elements of uncertainty or possible conditions to be encountered in general work of building to bo considered on the question of whether a profit would have been made, are abstract in the absence of proof as to such uncertainty and other conditions enumerated.

10. *Same; Burden of Proof.*—A plaintiff has the burden of proving the material allegations of his complaint and hence, a charge is too broad which asserts that a plaintiff was the burden of proving the averments of his complaint, or some count thereof.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Hendy A. Burns, administrator of John L. Burns, against E. M. Tutwiler, for breach of a building contract. Judgment for plaintiff. Defendant appeals. Affirmed.

The contract was objected to because, in the preamble of the same, a blank was left so as not to state who was the party of the first part in said contract, and on the further ground that there had been an alteration or change in the terms of the contract. It seems that, when the architect drafted the contract, he left a blank to be filled in with the contractor's name, and inserted the name of the builder as party of the second part. The amount of the bid was also left blank, was afterwards put in with pencil, and after the contract was delivered the pencil mark was traced over with red ink, showing the price to be charged for the building by the contractor, Burns. When the contract was ready, and had been signed by Tutwiler, it was carried by the agent of Tutwiler, one Mr. Smith, to Burns' office, and, Burns not being found in, it was left there, to be executed and returned to Mr. Smith. It was shown without serious con-

troversy that Burns signed the contract, and his signature was not disputed. The contract was in the usual form of builders' contracts. The testimony objected to as the statement of Burns on the former trial was that given by Mr. Lowe as to what Burns testified to on the previous trial about Burns having been driven off the work before having completed the contract.

The following charges were refused to the defendant: (11) "If you believe from the evidence that the building contract introduced in evidence was, pursuant to the agreement of the party, drawn up in duplicate, and both copies left with John L. Burns for execution, and that after signing one or both of said copies the said Burns did not deliver either of said duplicate copies to the defendant or his agent, you must find for the defendant." (5) "If you believe from the evidence that A. D. Smith left the building contract introduced in evidence at the office of Burns that Burns might examine same, and not with the intent of making it the binding agreement of Burns and Tutwiler, you must find for the defendant." (8) "I charge you that the mere leaving at the office of John L. Burns of the building contract, although the same had attached thereto the genuine signature of E. M. Tutwiler, would not make it a binding contract, unless it was left there by A. D. Smith with the intention of making it, from the moment it was left there, a contract between Burns and Tutwiler."

Assignment 18 is as to a charge as follows: "I charge you that there is no evidence in this case that Burns was not paid for any brick, placed by him on or near the lot on which the building was erected, which was used in said building." Assignment 19: "There is no evidence in this case that any lumber belonging to Burns was used in the building constructed by Bowman." Assignment 22: "I charge you that there is no evidence in this

case that John L. Burns lost any brick, lime, or lumber on account of any act of defendant." Assignment 24. "I charge you that there is no evidence in this case that defendant got the benefit of any work done by John L. Burns, or of his employe, or of any building material belonging to him."

The questions quoted in assignments 6 and 8 are as follows: (6) "Well, how much lumber did your father put on the lot?" (8) "State whether or not Hugh Bowman used the excavations your father made there."

The charge copied in assignment 21 is as follows: "I charge you that in deciding whether Burns would have made a profit on the building, if you believe from the evidence he is entitled to recover, you may take into consideration any evidence as to the skillfulness or unskillfulness of the contractor and the chances and uncertainties which accompany building enterprises, including the possibility of bad weather, labor troubles, and unfortunate accidents."

The special charge made the basis of assignment 20 is as follows: "I charge you that the burden of proof in this case to establish to your reasonable satisfaction the truth of the averments of the complaint, or of some count thereof, is on the plaintiff, and if any member of the jury is not so reasonably satisfied you cannot find for the plaintiff."

PERCY & BENNERS, for appellant.—An action predicated on the issuance of an injunction is premature if brought before the injunction is dissolved.—*Tatum v. Morris,* 19 Ala. 302. It must appear that the injunction was wrongfully issued.—22 Cyc. 1061. Testimony as to statements made by John L. Burns in his lifetime relating to the case was incompetent.—Sec. 1794 of the Code, 1896; *Cobb v. Owen,* 43 South. 826. There was no proof

as to the value of the brick, lime and lumber as it was shown that these materials were used by Bowman. Hence, nominal damages only can be recovered against Tutwiler.—*Hooper v. Pierce,* 44 South. 386. There was a material alteration in the contract.—*Brown v. Johnson Bros.,* 127 Ala. 292. Counsel discuss charges given and refused, but without citation of authority.

FRANCIS M. LOWE, and FRANK S. WHITE & SONS, for appellee.—The delivery of the contract is a question of fact, and hence, for the jury.—19 A. & E. Ency of Law, 637; Wharton on Contracts, sec. 677. As to whether or not a delivery was made, see.—*Fireman's I. Co. v. McMillan,* 29 Ala. 147; *Hargrove v. Melbourne,* 86 Ala. 270. There was no material alteration.—*Anderson v. Bellinger,* 87 Ala. 334; *Sharpe v. Orme,* 61 Ala. 263. The court committed no error in refusing the charge asserting that there is no evidence of a particular fact.—11 Ency P. & P. 197; *Knox v. Fair,* 17 Ala. 503. Where a witness is dead, his evidence may be produced upon a subsequent trial.—16 Cyc. 1088. There was no objection to this evidence on account of competency of those testifying.—*Austin v. Bean,* 101 Ala. 133.

McCLELLAN, J.—On former appeal in this case (not reported) it was ruled that the contract was admissible in evidence. No reason has been presented to us justifying, we think, repudiation of that holding. Several of the questions reargued are thereby eliminated from further consideration.

It was alleged in count 1 of the complaint that performance by plaintiff of the contract to construct the building was prevented by the issuance of an injunction at the instance of the defendant, the owner. It was objected, by demurrer to this count, that such averment did

not show a breach, and that the maxim reading, "The act of the law does injury to no one," applies to point the ground of the demurrer stated. We do not construe the averment as complaining of an improper use of the injunctive process, but that the office and effect of the averment was to show a breach of the contract by the appellant—a breach resulting in the prevention of the plaintiff from further performing it on his part. It (the averment) was employed to charge the defendant with an act evincing a purpose on his part, and effecting it, to prevent performance by Burns. That a contractor may breach his contract by means afforded by injunctive processes invoked by him does not, it occurs to us, relegate the injured adversary in the contract solely to an action on the injunction bond. Of course, if the defendant in the injunction suit was undertaking to recover on the bond, or to recover for maliciously procuring an injunction to issue, his action would be premature until some disposition of the injunction had been made. This, and nothing more, is the pertinent announcement in *Tatum v. Morris*, 19 Ala. 302, 306, 22 Cyc. p. 1061, and 1 Spelling on Ex. Relief, § 964, the citations presented in this connection for appellant. It was not contended below that another action was pending, involving in any degree the matter of the contract for the breach of which this action was brought.

The demurrer to the second count, overruled by the court, asserted the objection that no breach of the contract sued on was averred therein, in that the averment that defendant refused to allow plaintiff to carry out his part of the contract is not the equivalent of an averment that defendant refused to be bound by the contract. A quotation from the count will suffice to show that the ruling of the court on the stated criticism of the count was correct. It is averred that "the defendant has

breached said agreement, in this: That he forbade the construction of the same (the building) by said plaintiff, and refused to allow him to carry out his part of the aforesaid agreement. * * *" Previously in the count it is averred that plaintiff had already entered upon the performance of the contract by the assembling of materials and the doing of work on the lot in course of the performance of the contract. We cannot conceive how a breach of the entire contract, a refusal to be bound by it, on defendant's part, could be more certainly alleged than appears in the count. The engagement on plaintiff's part was to construct for defendant a described building on a lot of defendant's, and the averment asserts that defendant forbade the plaintiff doing so. This count is squarely within the manners of breach enumerated in 9 Cyc. p. 635. Defendant could not have forbidden, more broadly, performance of the entire contract by plaintiff, and it would be wholly irrational, in the face of the averments, to interpret the count, in respect of breach, as appellant contends. As a matter of proof, we find this in defendant's testimony: "That he (defendant) knew that said Smith had prevented plaintiff's intestate from constructing the building and ratified his conduct in so doing." In view of this statement from the defendant, there could be no question of plaintiff's right to recover, provided the jury found that a valid contract was entered into between the parties.

The testimony detailing what, in some particulars, Burns testified on the former trial of this case, was not within the prohibition of Code 1896; § 1794. The testimony did not relate to a "transaction with or statement by" Burns in any individual sense. Indeed, the statements attributed by the witness to Burns were made to a court, and not to the witness, or to any other, as a personal or individual matter. They were delivered in the

[Tutwiler v. Burns.]

course of judicial investigation, looking to the decision of rights between parties, and were subject to proof, Burns being dead, by any witness possessing the general qualifications necessary to admit his testimony. The "statements" and "transactions" contemplated by the statute are those pertaining to individual intercourse and dealing, and not to such transactions with or statements by the decedent as are general in nature and as are open to public observation; the intent of the statute having its central idea in mutuality, with the view to the protection of the estate of the decedent against those pecuniarily interested in the result of the suit or proceeding.—*Borum v. Bell*, 132 Ala. 85, 31 South. 454. The testimony, in the regard stated, was properly admitted.

Since it was previously ruled that the retracing in ink of the penciled figures in the alleged contract was not a material alteration thereof, and since, as said for appellant in brief, "no question as to the making of this bond is involved in this appeal," we can see no possible injury resulting to appellant in the allowance of Carney's testimony relating to the transactions and acts of Burns with him (witness) in and about the bond, or the retracing in ink referred to.

Special charge 11, the refusal of which to defendant is made the basis of the fourteenth assignment of error, seeks to predicate a verdict for the defendant upon the failure of plaintiff to return the duplicate instrument to defendant or his agent. No reason and no authority is presented in brief in support of the assignment. It is not insisted on.

The witness Creighton testified that the contract was awarded to Burns, on his bid, with the approval of both defendant and his agent; that the contract was drawn by witness, and was approved by both defendant and his agent; and that when he last saw the paper it bore de-

fendant's signature, was in Burns' possession, and was unaltered, except as the figures were retraced in ink over penciling. In this state of the proof, a charge predicating a finding for defendant solely upon the intent with which the agent of defendant left the paper at Burns' office could not be properly given. Under the circumstances, indicated by at least tendencies of the evidence, the intent of the agent might have been opposed to the evidential effect of his and associated acts and facts. Additionally, it was open to the jury to find from the testimony that the bid made by Burns was accepted by the defendant, and that the contract was awarded to Burns with defendant's approval, and that the paper prepared by Creighton was executed by defendant, all anterior to the leaving of the paper at Burns' office.

It is inferable from the testimony that the only factor in the contract left uncompleted was the guaranty bond which, some of the proof tended to show, was furnished by Burns, and which was latterly refused by defendant's agent because it was written by a concern other than the defendant's agent, who also represented a bonding company. We think these considerations warranted the court in refusing special charges 5 and 8, both of which would give a controlling effect to the intention only of the defendant's agent.

There was testimony tending to show that Burns had placed materials on the lot with a view to the construction of the building. The court excluded, on motion of defendant, the testimony of one of the witnesses that Bowman, who later constructed the building for defendant under like plans to those by which Burns was alleged to have entered on the undertaking, used some or all of these materials so placed on the lot by Burns. This exclusion did not take from the possible consideration of the jury the fact, supported by some tendencies

of the testimony, that these materials were not there after the building was finished by Bowman.

The special charges made the basis of assignments 18, 19, 22, and 24 sought the instruction of the jury, in substance, that there was "no evidence" that the defendant appropriated, or ratified the appropriation to his benefit of, the brick, lime, or lumber belonging to Burns, or of work done by him. The concurring justices are of the opinion, and so hold, that these charges were correctly refused, because it is not error for the court to refuse to instruct the jury that there is "no evidence" of a fact set forth in a special charge.—*Knox v. Fair,* 17 Ala. 503, 509; *Montgomery Ry. Co. v. Smith,* 146 Ala. 326, 39 South. 757; and other authorities noted in appellee's brief on rehearing. The status presented by the absence of proof in support of claimed elements of damages would seem to render inapplicable the sound rule stated before; but a majority of the court is of a different opinion, and hence the refusal of the special charges referred to is held not to have been erroneous.

Under the issues on the trial the court properly overruled the defendant's objections to the questions quoted in assignments 6 and 8. If the defendant appropriated or ratified the appropriation to his benefit of, the material and labor of Burns, then the value thereof were elements of recoverable damage, provided the contract and its breach by defendant was found by the jury.

While the pleading of the plaintiff may have been unnecessarily extended, we are not convinced that any injury to appellant resulted therefrom, or from the discretion exercised by the court in overruling the motion to strike counts A and B of the complaint.—Code 1907, § 5322, and authorities noted thereunder.

The special charge copied in assignment of error numbered 21 mentions those elements of uncertainty, or pos-

sible conditions to be encountered, in general works of construction, including buildings, that may be proven as affecting the measure of profits the complaining party to the breached contract might have caused, had the contract been performed by him.—*T. & C. R. R. Co. v. Danforth*, 112 Ala. 80, 95, 20 South. 502. We discern no such proof in this record, and the charge was therefore abstract, and was correctly refused.

The special charge copied in the twentieth assignment of error hypothesizes the establishment, to the jury's reasonable satisfaction, of the averments of the complaint or of some count thereof; whereas the burden assumed by the plaintiff is the establishment, to the requisite degree, of the material averments of the complaint, or of some count thereof. Charge 5, treated in *B. R., L. & P. Co. v. Moore*, 148 Ala. 115, 42 South. 1029, is not similar to that in hand. The special charge assigned was properly refused.

The judgment is affirmed.

DOWDELL, C. J., and ANDERSON, MAYFIELD, and SAYRE, concur.