(79 South. 200)

WESTERN UNION TELEGRAPH CO. v. STEWART. (6 Div. 279.)

(Court of Appeals of Alabama. June 29, 1918.)

1. DAMAGES ⊂⊃23—BREACH OF CONTRACT— CONTEMPLATION OF PARTIES.

Damages for breach of contract should be such as may fairly and reasonably be supposed to have been in contemplation of parties at inception of contract as possible result of breach.

2. TELEGRAPHS AND TELEPHONES ⊂⊃67(4) — FAILURE TO DELIVER—DAMAGES—CONTEMPLATION OF PARTIES.

No legal obligation resting on sendee of telegram announcing death to come as requested, in sender's suit for failure to deliver it cannot be said with legal certainty that damages to sender through voluntarily delaying funeral were within contemplation of parties.

3. WORDS AND PHRASES — "ANGUISH" — "INCONVENIENCE" — "ANNOYANCE" — "HARASSMENT."

"Anguish," "inconvenience," "annoyance," and "harassment" are not synonymous terms.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Anguish; Annoyance; Second Series, Inconvenience.]

Appeal from City Court of Birmingham; Chas. W. Ferguson, Judge.

Action by Ike Stewart against the Western Union Telegraph Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Action by plaintiff for damages for breach of a contract to deliver a telegram. From a judgment for plaintiff, defendant appeals.

Beddow & Oberdorfer and Louis Berkowitz, all of Birmingham, for appellant. Forney Johnston and W. R. C. Cocke, both of Birmingham, for appellee.

PER CURIAM. The plaintiff's wife died in an infirmary in Birmingham at 2:55 p. m. on the 17th of the month. Shortly after 3 o'clock plaintiff sent the following telegram to his aunt in Blount Springs, 30 miles away: "Mary died this p. m. Please come at once." The aunt lived about 1¾ miles from defendant's office outside of the free delivery zone, but at 8 p. m. defendant told plaintiff over the telephone that the telegram had been delivered. A train passed Blount Springs going to Birmingham at 5:55 p. m., one at night, one about 9 a. m., and several during the day. The telegram was not actually delivered until about 8 o'clock of the 18th. There was no evidence that the aunt made any effort to go to Birmingham, after receiving the telegram, or that she would have gone had the telegram been delivered on the day it was sent.

The complaint originally claimed damages for mental pain and inconvenience, but by a statement of defendant's counsel in open court during the trial and by a charge of the court following that statement the claim for mental pain was eliminated. It was shown by the testimony of plaintiff that by reason of the fact that his aunt did not come the

funeral was delayed one day; that the body was then placed on the train, carried through Blount Springs to Decatur and buried; that no further effort was made to communicate with the aunt; that the failure of the aunt to come did not delay the preparation for the funeral; and that the delay was "just because he wanted his aunt there and wanted some money out of her."

[1, 2] Under the issues upon which this case was tried, we can eliminate from our consideration all those authorities involving a recovery of damages for mental anguish. The claim, then, is for damages for the amount paid for the telegram and inconvenience caused by the breach of the contract to deliver. The rule is well established that when two parties have made a contract which one of them has broken, the only damages which the other ought to have for such breach should be such as may fairly and reasonably be supposed to have been in the contemplation of the parties at the inception of the contract, as the possible result of its breach. W. U. T. Co. v. McMorris, 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46. The loss cannot be said to have been in contemplation of the parties when there was no legal certainty that the loss would not still have occurred even if the company had performed its duty. 37 Cyc. p. 1758; W. U. T. Co. v. McMorris, 158 Ala. 563-575, 48 South. 349, 132 Am. St. Rep. 46; Bright v. W. U. T. Co., 132 N. C. 326, 43 S. E. 841; Hancock v. W. U., 137 N. C. 497, 49 S. E. 952, 69 L. R. A. 403. There being no legal obligation upon the sendee of this telegram to act, it cannot be said with legal certainty that the loss was within the contemplation of the parties when the contract was entered into. 37 Cyc. p. 1758.

While it may well be doubted whether a recovery can be had for inconvenience in a case such as this, where all arrangements for the funeral were made, independent of the sendee of the telegram, and the delay was voluntary on the part of the sender except for the psychological restraint caused by a desire to have the sendee present, out of all the maze of telegraph decisions in this and other states it can be said with certainty that damages for inconvenience and harassment are not the proximate result of the failure to deliver a telegram in a case where, even if the company had performed its duty, there can be no legal certainty that the loss would not still have occurred. 37 Cyc. p. 1758, and authorities under note 56.

[3] Anguish, inconvenience, annoyance, and harassment are not synonymous. Webster's Dictionary. Under the facts in this case and the issues as formed, if entitled to recover at all, the only recovery to which the plaintiff was entitled was nominal damages, including the amount paid for the sending of the telegram.

The rulings of the court were not in accord with the foregoing views, and for that reason the judgment is reversed, and the cause is remanded.

Reversed and remanded.