(87 South. 674)

## MAY HOSIERY MILLS v. MUNFORD COTTON MILLS.  (7 Div. 49.)

(Supreme Court of Alabama.  Nov. 11, 1920.)

1. **Set-off and counterclaim** ⊂⇒56—**Plea of set-off held to admit contract sued on and liability for breach.**

   In a buyer's action for breach of a contract of sale, pleas of set-off, alleging the buyer's breach of similar contracts, admitted the validity of the contract sued on and defendant's liability to answer for the damage proximately resulting from its breach of that contract as alleged.

2. **Appeal and error** ⊂⇒1039(6), 1047(1)— **Trial** ⊂⇒343—**Finding for defendant on plea of set-off held a finding for plaintiff, and hence to render errors immaterial.**

   Where defendant filed a plea of the general issue and other special pleas including pleas of set-off, a verdict finding for defendant "on his plea of set-off" and assessing his damages was in legal effect a finding for plaintiff on the cause of action declared on in the complaint and a finding for defendant on its counterclaim, and rendered immaterial errors with respect to other pleas or with respect to testimony relating to plaintiff's claim but not affecting the amount of damages.

3. **Sales** ⊂⇒412—**Pleas of set-off held to sufficiently allege offer to deliver.**

   Pleas of set-off for damages from a buyer's breach of contracts of sale *held* to sufficiently allege an offer by defendant to deliver to plaintiff the goods contracted for.

4. **Sales** ⊂⇒353(6)—**Ability and willingness to deliver need not be alleged when tender or offer made.**

   An actual tender of the goods by the seller or an offer to actually deliver them, when rejected by the buyer, establishes a breach of the contract and renders it unnecessary for the seller to aver that he was ready, able, or willing to deliver.

5. **Sales** ⊂⇒412—**Allegation that seller stood ready to deliver imports ability and willingness.**

   Pleas of set-off for breach of contracts of sale alleging that defendant, the seller, stood

ready to deliver the goods, imported both ability and willingness to do so.

**6. Appeal and error ⊕1050(1)—Testimony that party had contract with another not prejudicial in view of further testimony.**

There was no prejudicial error in allowing defendant's president to state by way of preface that he had a contract to deliver yarns to plaintiff, in view of his further testimony showing the existence and terms of a valid contract to that effect.

**7. Evidence ⊕183(14)—Testimony as to destroyed letter properly admitted on witness' testimony that it could not be found.**

A witness was properly permitted to state the contents of a letter which he had testified had been destroyed ante litem motam and could not be found after proper search.

**8. Evidence ⊕178(2)—Secondary evidence admissible though document negligently destroyed.**

Negligent destruction of a document is no bar to its proof by secondary evidence.

**9. Evidence ⊕183(1½)—Fraudulent spoliation must be shown to prevent secondary evidence.**

Though the fraudulent spoliation of a document will exclude secondary evidence, such spoliation will not be presumed but must be made to appear.

**10. Sales ⊕418(7)—Difference between contract price and price paid held measure of damages, where buyer bought goods in the market on repudiation.**

Though, when default is made by a seller in the delivery of goods in installments, the measure of damage is the difference between the contract price and the market price at the respective times of delivery, where the seller repudiated the contract and the buyer a few days later went into the market and bought all of the goods contracted for, the measure of damages was the difference between the contract price and the price paid.

Appeal from Circuit Court, Talladega County; A. B. Foster, Judge.

Action by the May Hosiery Mills against the Munford Cotton Mills for damages for breach of contract. Judgment for defendant, and plaintiff appeals. Affirmed.

The action is for the recovery of $2,000 damages for the breach of a contract by which plaintiff purchased from the defendant 30,000 pounds of cotton yarn which defendant agreed to deliver to plaintiff and which it failed and refused to do. Besides the plea of the general issue and several other special pleas, the defendant pleaded in set-off a counterclaim for $2,500 for breach of a contract made on May 1, 1914, in which defendant sold and plaintiff bought 30,000 pounds of yarn at 20 cents per pound. Plea 8, as amended, alleges that in accordance with said contract it proceeded to commence to manufacture said yarn and did manufacture such yarns and offered same to the plaintiff, and that on, to wit, the 1st day of August, 1914, without any just cause the plaintiff canceled said contract and refused to receive and pay for any of such yarn. Defendant avers that it fulfilled the terms of its contract and offered to deliver said yarn and stood ready to deliver the same, and defendant was forced to sell the same to other parties at a great loss of, to wit, 12 cents per pound, which was at the time of such resale the reasonable market value thereof. Plea 9, also in set-off, counts upon a similar contract of sale on April 1, 1914, at 15 cents per pound for the yarns and alleges that after making said contract the market for yarns went down, and the said defendant stood ready to comply with its contract and offered to make delivery to plaintiff and demanded the acceptance of the yarn so sold; that plaintiff refused to accept said yarn and canceled said contract, notifying defendant that it would not receive or pay for said yarn, and at such time said market value of said yarns had depreciated 5 cents per pound, whereby plaintiff lost profits thereon to the extent of 5 cents per pound, and defendant avers that it was ready and willing to carry out all the terms of said contract and offered to do so, and plaintiff refused and failed, etc.

Demurrers were interposed to pleas 8 and 9, numerous grounds of objection being assigned, among others that they do not show that defendant was able, or ready, able, and willing, to comply with the said contract.

The rulings on evidence sufficiently appear from the opinion.

The verdict of the jury was as follows:

"We, the jury, find for the defendant on his plea of set-offs, and assess his damages at $420.00."

Harrison & Stringer, of Talladega, for appellant.

Custom cannot overturn an express contract for various terms, or make the legal rights or liabilities other than they are by the common law. 36 Ala. 449; 147 Ala. 602, 41 South. 182; 179 Ala. 505, 60 South. 298; 191 Ala. 378, 68 South. 63; 191 Ala. 243, 68 South. 43. It was not competent to show previous dealings between the same parties. 35 Cyc. 121, 122; 8 Ala. App. 639, 62 South. 330. The demurrers should have been sustained to pleas 8 and 9. 10 Ala. 516; 67 Ala. 549; 121 Ala. 356, 25 South. 828; 162 Ala. 380, 50 South. 332; 184 Ala. 236, 63 South. 982; 157 Ala. 521, 48 South. 105.

Knox, Acker, Dixon & Sims, of Talladega, for appellee.

Oral agreements may be made, with the stipulation that they shall not be binding un-

less put in writing, and the contract does not become complete or binding until reduced to writing. 91 Ala. 589, 8 South. 800; 117 Ala. 484, 23 South. 67; 26 Okl. 209, 109 Pac. 225, Ann. Cas. 1912B, 127. Pleas 4, 5, and 7 were good. 10 R. C. L. 1030; 6 Ency. Dig. Ala. § 306. Pleas 8 and 9 were good. 147 Ala. 606, 41 South. 182; 13 C. J. 271.

SOMERVILLE, J. [1] The verdict of the jury was limited to a finding for defendant on its plea of set-off. The pleas of set-off admitted the validity of the contract sued on by plaintiff, and admitted defendant's liability to answer for the damage proximately resulting from its breach of that contract, as charged in the complaint. Grisham v. Bodman, 111 Ala. 194, 199, 20 South. 514; St. Louis, etc., Co. v. McPeters, 124 Ala. 451, 455, 27 South. 518.

[2] This verdict was therefore, in legal effect, a finding for plaintiff on the cause of action declared on in the complaint; and a finding also for defendant on its counterclaim presented against plaintiff by way of set-off in pleas 8 and 9. This being so, it is immaterial what errors may have been committed by the trial court with respect to other special pleas in traverse or in confession and avoidance, or with respect to testimony relating to plaintiff's claim and not affecting the amount of damages recoverable thereon.

We shall accordingly omit all discussion of those matters, since they did not prejudice plaintiff's recovery.

[3, 4] The pleas of set-off were sufficient in their averments of an offer by defendant to deliver to plaintiff the yarns which they contracted to buy. Such an offer to actually deliver, rejected by the vendee, establishes a breach of the contract and entitles the vendor to recover for the damage proximately suffered therefrom. Where an actual tender of the goods, or an offer to actually deliver them, is shown, accompanied by the vendee's refusal to accept them, the vendor need not go further and aver that he was ready, able, or willing to deliver. Long v. Addix, 184 Ala. 236, 63 South. 982; Moss v. King, 186 Ala. 475, 65 South. 180, and cases therein cited.

[5] But, apart from the rule just stated, these pleas do in fact allege also that, at the time of defendant's offer to deliver, it stood ready to deliver—which imports both ability and willingness to do so.

No other ground of the demurrers being insisted upon in argument, other objections to the pleas must be regarded as waived.

[6] There was no prejudicial error in allowing defendant's president to state, by way of preface, that he had a contract to deliver yarns to plaintiff in 1914, in view of his further testimony showing the exist-

ence and terms of a valid contract to that effect.

[7-9] He was also properly permitted to state the contents of a letter from defendant which he testified had been destroyed ante litem motam and could not be found after proper search. Whitsett v. Belue, 172 Ala. 256, 54 South. 677. Negligent destruction of a document is no bar to its proof by secondary evidence. Rodgers v. Crook, 97 Ala. 722, 12 South. 108. And, though its fraudulent spoliation would exclude secondary evidence, such spoliation will not be presumed, but must be made to appear.

[10] It is true, as urged by appellant, that when default is made by a vendor in the delivery of goods in installments, the measure of damage is the difference between the contract price and the market price at the respective times of delivery. Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34. But that rule is not applicable to a case like this, where, as appears without dispute, plaintiff went into the market a few days after defendant's repudiation of the contract, and bought the same yarns all at once. He might have waited until the successive dates for delivery arrived, and then separately purchased the amounts of each installment, in which case the rule of Johnson v. Allen, supra, would have governed. But in view of his actual procedure, the most that he can claim is the difference between the contract price and the price he had to pay. Hence there was no prejudicial error in excluding the proffered evidence of the market price of such yarns at a time several weeks after defendant had purchased all the yarns elsewhere.

None of the pertinent assignments of error which are argued by counsel can be sustained, and the judgment of the trial court will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.