## CATO v. WILLIAMSON. (4 Div. 53.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 17, 1923.)

**1. Set-off and counterclaim ⬅55—In action for balance due on contract, damages recoverable by plea of recoupment for, its breach.**

Where, in action for a balance due for cutting cross-ties under a special contract, defendant pleaded general issue, set-off, and recoupment, under such pleading he could recover such damages for the breach of the contract as he could have had he brought suit for that purpose.

**2. Damages ⬅23—General rule for damages for breach of contract stated; "general damages."**

General damages recoverable for breach of contract are such as arise naturally from the breach itself or such as may reasonably be supposed to have been within the contemplation of the parties when contracting, as a probable result of breach.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Damages.]

### On Rehearing.

**3. Sales ⬅384(2)—Measure of damages for ties rejected stated.**

Under a contract to cut and deliver cross-ties, the measure of damages, as to ties rejected where cut, was the difference between the reasonable market value of ties of the kind specified where they were cut and their reasonable market value at the place of delivery, less reasonable cost of hauling, and, as to ties rejected at the place of delivery, the contract price at such point, less their reasonable market value.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

Action for work and labor done by W. W. Williamson against Jim Cato. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

J. Morgan Prestwood, of Andalusia, for appellant.

Profits may be recovered in a case of this kind, and the recovery is limited only to damages that are the natural and proximate result of the breach. 17 C. J. 788; Sou. Ry. v. Coleman, 153 Ala. 266, 44 South. 837; Robinson v. Bullock, 66 Ala. 548; Dickerson v. Finley, 158 Ala. 149, 48 South. 548; Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 South. 39; I. C. R. R. v. Brothers, 12 Ala. App. 351, 67 South. 628.

Thigpen, Murphy & Jones, of Andalusia, for appellee.

The measure of defendant's damages for a breach of the contract in failing to cut the cross-ties according to specifications

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would be the value of the timber lost by reason of such failure.

THOMAS, J. Plaintiff in the court below brought suit to recover a sum claimed as balance due for cutting cross-ties under a special contract. Defendant pleaded the general issue, and in short by consent, with leave to give in evidence any matter which may be specially pleaded; and the plaintiff had like leave to reply. Under such pleading and the evidence, the defense was that of the general issue and set-off and recoupment.

The defendant contends that plaintiff guaranteed the ties "to pass on inspection." The position of the plaintiff is there was no such agreement; that the contract was that the latter would cut the ties according to the directions of the defendant, which he did. It is admitted that, upon inspection, some of the cross-ties were rejected. By reason of the fact of this rejection, defendant rested his claim for damages under his claim of set-off, which was embraced in his pleading in short by consent.

[1] The lower court held that, in event plaintiff guaranteed his work to be according to specifications, and failed in that behalf, resulting in loss of the timber, the value of the timber so destroyed or lost would be the proper measure of defendant's damages under the plea of set-off and recoupment. It is unnecessary to further define the rules of set-off and recoupment heretofore announced by this court. Burnett & Bean v. Miller, 205 Ala. 606, 88 South. 871; J. C. Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 South. 748; Leach v. Gray, 201 Ala. 47, 48, 77 South. 341, 7 A. L. R. 890. Under such pleading, the defendant may recover such damages for the breach of the contract as he could have recovered had he brought suit for that breach.

[2] The general rule of recoverable damages for the violation of a contract to which one party thereto is entitled, because of the breach thereof by the other, is that they are such as arise naturally from the breach itself (Hadley v. Baxendale, 9 Exch. 341, 353; Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; McCaa v. Elam Drug Co., 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88; W. U. T. Co. v. McMorris, 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46; Tutwiler v. Burns, 160 Ala. 386, 49 South. 455; Birmingham Water Works Co. v. Ferguson, 164 Ala. 494, 51 South. 150; Dickerson v. Finley, 158 Ala. 149, 48 South. 548), or such as may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract, as a probable result of a breach thereof (Hadley v. Baxendale, supra; Southern Ry. Co. v.

Lewis, 165 Ala. 451, 51 South. 863; Dickerson v. Finley, supra; W. U. T. Co. v. McMorris, supra; McCaa v. Elam Drug Co., supra; Collins v. Stephens, 58 Ala. 543; W. U. T. Co. v. Stewart, 16 Ala. App. 502, 79 South. 200). The rule of recoverable damages, announced in the foregoing authorities, should have been applied on the introduction of evidence and in instructing the jury. Defendant should have been permitted to show what was the reasonable value of hauling the ties from the place the same were cut and manufactured to Andalusia; as to the value of the ties that were not hauled and condemned by the defendant himself, if such he did, to show what was the reasonable market value of the ties, of the lowest specifications indicated in the contract, at Andalusia at the time in question, and that they were sold at Andalusia for $1.05 per tie; and to show the reasonable market value of such ties at the place where the same were cut. Such questions of fact were relevant for the jury to consider in determining the defendant's actual loss and damage, in cutting the timbers and reducing the same to ties (whether "heart" or "sap"), to the dimensions agreed upon, if there were ties rejected in the woods and at Andalusia. The charge of the court limited the inquiry of damages under the plea to the value of the timber destroyed by its improper cutting and manufacture into ties. This was not the measure of defendant's damages, for the breach of contract by plaintiff, under defendant's plea of set-off and recoupment.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

## On Rehearing.

THOMAS, J. [3] The ties were cut to be delivered at Andalusia; some ties were inspected and rejected in the woods, and others were inspected and rejected at Andalusia. The measure of damages, as to ties rejected where cut in the woods, was the difference between the reasonable market value of ties of the kind specified where the same were cut (if they had a market value at such point) and the reasonable market value of the same at Andalusia, less the reasonable cost of hauling them to such point. The measure of damages, for the ties rejected at Andalusia, was the contract price at such point, less the reasonable market value of such ties at that point.

The application for rehearing is overruled.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.