(103 So. 467)

McKINNEY v. BAKER. (8 Div. 738.)

(Supreme Court of Alabama. March 19, 1925.)

1. Sales ⬅️442(4)—In absence of evidence that seller knew hogs were to be resold on another market, evidence of market value would be confined to that of time and place of delivery.

In action for damages for breach of warranty in sale of hogs, in absence of evidence that defendant knew at time of sale that hogs were bought for resale on another market, evidence of market value would be confined to that of time and place of delivery, if they had market value at such place.

2. Sales ⬅️442(5)—If seller knows goods are bought to be resold on another market, special damages resulting from breach of warranty may be recovered.

If seller knows goods are to be resold on another market, express or implied intention of parties is that special damages resulting from breach of warranty are sanctioned as elements of injury.

3. Sales ⬅️434—Complaint held to sufficiently allege knowledge by seller that hogs were bought for resale on another market and special damages.

Complaint for breach of warranty in sale of hogs *held* to sufficiently allege knowledge of seller that hogs were bought for resale on another market, and special damages resulting from breach of warranty.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Sales 440(4)—Admitting evidence of difference in market value between "hard" and "soft" hogs at place of delivery and place of resale by buyer not error.**

In action by buyer of hogs for breach of warranty that they were "hard" when they were "soft," in view of evidence showing that seller knew buyer bought them to resell in another market, admitting in evidence difference in market value between "hard" and "soft" hogs at place of resale, or in county where bought, was not error.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action for damages by Robert H. Baker against W. R. McKinney for breach of warranty in the sale of hogs. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The complaint alleges the purchase by plaintiff and sale by defendant, in Madison county, Ala., of certain hogs, warranted by defendant to be hard corn-fattened hogs; that said warranty was made as an inducement to plaintiff to purchase the hogs, on which plaintiff did rely and purchase the hogs; that said warranty was false and has been breached, in that a large number of such hogs were not hard corn-fattened, but were soft or soft and oily, being of less value than hard corn-fattened hogs. The third count contains the further allegation:

"At the time" plaintiff "purchased said hogs from the defendant, he purchased them for immediate shipment to and resale for slaughter at Louisville, Ky., all of which was then and there known to the defendant; and the plaintiff did immediately ship and resell said hogs at Louisville, Ky.; and the plaintiff was injured and damaged by the said breach of said warranty in the sum of, to wit, $500, for that the value of said hogs for slaughter, at Louisville, Ky., that were not hard corn-fattened but soft and soft and oily was greatly less, to wit, 3 cents a pound, or a total of $500, less, than the value of said hogs had they been hard corn-fattened hogs as warranted by the defendant."

R. E. Smith, of Huntsville, for appellant.

The measure of damages for the breach of a warranty in the sale of chattels is the difference between the contract price and the market value of the article sold at the time and place of delivery. Gwin v. Hopkinsville M. Co., 190 Ala. 346, 67 So. 382; McAnelly Hdw. Co. v. Bemis Bros. Bag. Co., 208 Ala. 394, 94 So. 567; Attalla O. & F. Co. v. Goddard, 207 Ala. 287, 92 So. 794. If there is a market at the time and place of delivery, it is error to admit evidence of market value at any other place. Ga. Oil Co. v. Carlisle Seed Co., 200 Ala. 226, 75 So. 984.

S. H. Richardson, of Huntsville, for appellee.

Special use and dispostion being pleaded, evidence of the market value at the place of resale was proper. 35 Cyc. 451–467; 52 L. R. A. 212; Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34; Ala. Ir. Wks. v. Hurley, 86 Ala. 217, 5 So. 418; Bell v. Reynolds & Lee, 78 Ala. 511, 56 Am. Rep. 52; Krasilnikoll v. Dundon, 8 Cal. App. 406, 97 P. 172; Converse v. Burrows, 2 Minn. 229 (Gil. 191).

THOMAS, J. The contract of sale made over the telephone and the subject-matter thereof were within Madison county. The delivery and payment were consummated at Gurley. The evidence of plaintiff tended to show the warranty as alleged in the complaint; that for defendant to the contrary: That the hogs were purchased by plaintiff after he had inspected them.

[1] In the absence of evidence that the defendant knew when the sale was made or consummated that the hogs were purchased for shipment and resale on the Louisville market, the evidence of the market value thereof would be confined to that of the time and place of delivery, if they had a market value at such place. J. H. Burton & Sons Co. v. May (Ala. Sup.) 103 So. 46; [1] Cato v. Williamson, 209 Ala. 477, 96 So. 321; McAnelly Hdwe. Co. v. Bemis Bros. Bag Co., 208 Ala. 394, 94 So. 567; Attalla Oil & Fertilizer Co. v. Goddard, 207 Ala. 287, 92 So. 794; Zimmern v. Southern Ry. Co., 207 Ala. 169, 92 So. 437; May Hosiery Mills v. Munford Cotton Mills, 205 Ala. 27, 87 So. 674; Georgia Cotton Oil Co. v. Carlisle Seed Co., 200 Ala. 226, 75 So. 984; Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 So. 964; Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 So. 382; Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34. And the evidence shows the hogs had a market value at the time and place of delivery.

[2, 3] The controverted question of fact is whether there was evidence in support of the third count of the complaint, seeking to make a case within the recognized exception to the general rule to which we have averted. Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34; Alabama Iron Works v. Hurley, 86 Ala. 217, 5 So. 418. The exception to the general rule is noted in Attalla Oil & Fertilizer Co. v. Goddard, 207 Ala. 287, 289, 92 So. 794, and in Cato v. Williamson, 209 Ala. 477, 478, 96 So. 321. Under the circumstances within the exception, the express or implied intention of the parties is that the special damages resulting are sanctioned as elements of injury as the result of a breach of the contract. Johnson v. Allen, supra; Daughtery v. American U. Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; Snow v. Schomacker, 69 Ala. 111, 118, 44 Am. Rep. 509; Franklin Motor Car Co. v. Ratliff, 207 Ala. 341, 92 So.

449; Dothan Chero-Cola Bottling Co. v. Weeks, 16 Ala. App. 639, 80 So. 734. The knowledge of the special purpose of the purchase when the contract was made and the special damages resulting from the breach are sufficiently stated in count 3.

Certain of the testimony of Montgomery, Oldham, and other witnesses related to the difference in price of "hard" and "soft" hogs in the Louisville market; that is, the difference in the market price of hogs that had been "corn fattened" and hogs that had not been so fattened.

Plaintiff's witness Baker testified of market value of hogs in Madison county and of the specific terms of his contract of purchase, the receipt, delivery, and reshipment, payment therefor by check bearing evidence of the terms of purchase—"Carload corn fat hogs guaranteed." He further testified that when he gave defendant the check at Gurley, when he was there "weighing up the hogs," he "told the defendant that" he "was shipping them to Louisville"; that "Mr. McKelvey had just gotten the market from Louisville"; that he and his partner (McKelvey) discussed the fact of the two or three cents difference in favor of "corn fed hogs"; that after witness' conversation with his partner he came "back to the defendant and told him what McKelvey had told" him "over the phone"; and witness stated that he had replied to his partner that he would not hold back a part of the purchase price as a guaranty—that he "knew who" he "was dealing with," one who "was worth the money," who could make good the guaranty. Witness denied that defendant replied to him: "If you are dissatisfied with your trade, put them back in the pen." The witness again stated on re-examination:

"After I had had my conversation with McKelvey, and had come back to where the defendant was, I told him that McKelvey had just received the market and advised me to hold back as much as three cents a pound on the hogs in case they were soft, and that I had told him I knew who I was dealing with; that he was worth the money, and that I would state in the check that it was 'for corn fat hogs.'"

The evidence showed that defendant saw plaintiff load the hogs on cars at Gurley, and knew they were being weighed for shipment to Louisville.

[4] There was no error in admitting in evidence the fact that there was $2 difference in the market value between "hard" and "soft" hogs at the several points covered by the witness (at Louisville or in Madison county), and as applied to notice or knowledge of special use. 52 L. R. A. 209, 217, 218.

We find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.